**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4852**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BRYAN KEITH KENT, a/k/a "B", a/k/a Big Bryan,
a/k/a Brian,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (3:05-cr-00075-WCB)

---

Submitted:  April 25, 2007               Decided:  May 24, 2007

---

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

Robert E. Barrat, Martinsburg, West Virginia, for Appellant.
Thomas Oliver Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Keith Kent appeals his conviction and 247-month sentence imposed after he pled guilty, pursuant to a plea agreement, to possession with intent to distribute 44.72 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). On appeal, counsel has filed an Anders[1] brief, stating there are no meritorious issues for appeal but suggesting that counsel provided ineffective assistance, that the district court erred in designating Kent as a career offender, and that Kent's sentence is too long. The Government has moved to dismiss the appeal, asserting that Kent validly waived the right to appeal his sentence in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

---

[1] Anders v. California, 386 U.S. 738 (1967).

Our review of the record leads us to conclude that Kent knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not prevent our review of any errors in Kent's conviction that may be revealed by our review pursuant to <u>Anders</u>.[2] Our review of the transcript of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Kent's guilty plea. Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Kent's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

---

[2]We decline to review Kent's ineffective assistance of counsel claim on direct appeal as counsel's ineffectiveness does not conclusively appear from the record. <u>See</u> <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir.) (providing standard), <u>cert. denied</u>, 126 S. Ct. 1407 (2006).

- 3 -

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND DISMISSED IN PART</u>